# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NEIL C. ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.  04-0494 |
| vs. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM OPINION</u>

CONTI, District Judge

### *INTRODUCTION*

This is an appeal from the final decision of the Commissioner of Social Security
("defendant" or "Commissioner") denying the claim of Neil C. Allen ("plaintiff" or "Allen") for
disability insurance benefits ("DIB") and Supplemental Security Income ("SSI").  Plaintiff's
claim was denied under Titles II and XVI of the Social Security Act, 42 U.S.C. §§  401-433,
1381-1383f ("SSA").  The parties filed cross-motions for summary judgment pursuant to Rule
56(c) of the Federal Rules of Civil Procedure.

Plaintiff initially argues that the Administrative Law Judge ("ALJ") erred in failing to
support his decision by medical evidence that plaintiff's alcoholism was a contributing factor
material to a determination of his disabilities.  Plaintiff also contends the ALJ should have placed
more emphasis on the findings of the consultative examining physician, Dr. Mancino, in regard
to plaintiff's inability to work eight hours per day rather than on the reports of the non-examining
physicians.  Defendant, however, argues that the ALJ's decision on the denial of benefits to
plaintiff was supported by substantial evidence.

### *PROCEDURAL HISTORY*

Plaintiff filed his application for DIB and SSI on November 15, 2001, alleging he had been disabled since January 15, 2001.  His application was initially denied.  Plaintiff then was granted a hearing before the ALJ on November 13, 2002.  In a decision dated March 25, 2003, the ALJ denied plaintiff's claim.  The Appeals Council on February 20, 2004 denied plaintiff's request for review of the ALJ's findings.  Plaintiff filed this appeal having exhausting all administrative remedies.

### *LEGAL STANDARD*

The Congress of the United States provides for judicial review of the Commissioner's denial of a claimant's benefits.  42 U.S.C. § 405(g).  This court must determine whether or not there is substantial evidence which supports the findings of the Commissioner.  42 U.S.C. § 405(g).  "Substantial evidence is 'more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate.'"  Ventura v. Shalala, 55 F. 3d 900, 901 (3d Cir. 1995)(quoting Richardson v. Perales, 402 U.S. 389 (1971)).  This deferential standard has been referred to as "less than a preponderance of evidence but more than a scintilla."  Burns v. Burnhart, 312 F. 3d 113, 118 (3d Cir. 2003).  This standard, however, does not permit the court to substitute its own conclusions for that of the fact-finder.  Id.; Fargnoli v. Massonari, 247 F.3d 34, 38 (3d Cir. 2001)(reviewing whether the administrative law judge's findings "are supported by substantial evidence" regardless of whether the court would have differently decided the factual inquiry).

## Discussion

A disability is defined under Title XVI of the SSA, as "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of no less than twelve months."  42 U.S.C. § 1382c(a)(3)(A).  In order to make a disability determination under the SSA, a five-step sequential evaluation must be followed.  Burns v. Burnhart, 312 F.3d 113, 118-19 (citing 20 C.F.R. § 416.920).  The five-step process is as follows: (1) whether the plaintiff is currently engaged in substantial gainful activity; (2) if not, whether the plaintiff has a severe impairment; (3) if so, whether the plaintiff's severe impairment meets or equals the criteria of an impairment listed in 20 C.F.R. pt. 404, subpt. P. App. 1; (4) if not, whether the plaintiff's impairment prevents him from performing his past relevant work; (5) and if so whether the plaintiff's work exists in the national economy in light of his age, education, work experience, and functional capacity. Id. at 119; 20 C.F.R. §§ 404.1520, 416.920.

a.    **ALJ'S Conclusions**

In this action the ALJ found that: (1) Allen has not performed substantial gainful activity since the alleged onset date; (2) Allen suffers from major depression, alcohol dependence, and degenerative disc disease of the lumbosacral spine which are sever impairments; (3) plaintiff's severe impairment of alcohol dependence satisfies the requirements of Section 12.09, 20 C.F.R. Part 404, Appendix 1 to Subpart P.,[1] but plaintiff's substance abuse is a contributing factor

---

[1]Section 12.09 provides:

**12.09  Substance Addiction Disorders**:  Behavioral changes or physical

material to the finding of disability and thus plaintiff is not found to be disabled by reason of that listing; (4) plaintiff's impairments, omitting the limitations resulting from his substance abuse condition, prevents him from returning to his past relevant work; (5) there are a significant number of jobs in the national economy that he could perform.  Based upon those findings, the ALJ concluded that Allen is not eligible to receive DIB or SSI payments.

To dispute the ALJ's conclusions plaintiff raises two main arguments.  The first argument raised by plaintiff is that the ALJ's decision to deny benefits to plaintiff because alcoholism was a material factor in his disabilities was not supported by substantial evidence.  The second argument is that the ALJ erred in not giving more weight to Dr. Mancino's consultative findings regarding plaintiff's inability to work eight hours per day.

b.   **Substantiated evidence supports the ALJ's decision that plaintiff's alcohol abuse was a contributing factor material to plaintiff's disability**

A claimant is not entitled to Social Security benefits "for disabilities due to alcoholism and/or drug abuse."  Mittlestedt v. Apfel, 204 F.3d 847, 851 (8th Cir. 2000); see 42 U.S.C. §§

---

changes associated with the regular use of substances that affect the central nervous system.
    The required level of severity for these disorders is met when the requirements in any of the following (A through I) are satisfied.
        A. Organic mental disorders.  Evaluate under 12.02.
        B. Depressive syndrome.  Evaluate under 12.04.
        C. Anxiety disorders.  Evaluate under 12.06.
        D. Personality disorders.  Evaluate under 12.08.
        E. Peripheral neuropathies.  Evaluate under 11.14.
        F. Liver damage.  Evaluate under 5.05.
        G. Gastritis.  Evaluate under 5.04.
        H. Pancreatitis.  Evaluate under 5.08.
        I.  Seizures.  Evaluate under 11.02 or 11.03.

4

423(d)(2)(C), 1382c(a)(3)(J).  The administrative law judge must determine "whether your drug addiction or alcoholism is a contributing factor material to the determination of disability" and examine whether the claimant would still be disabled if he stopped using drugs or alcohol.  20 C.F.R. §§ 404.1535 (a)(1), 416.935(a).  If an administrative law judge denies a claimant benefits, however, he must "identify at least *some* medical evidence supporting the conclusion that a claimant no longer would be disabled if he stopped drinking or taking drugs."  Sklenar v. Barnhart, 195 F. Supp. 2d 696, 700 (W.D. Pa. 2002).

In the instant case plaintiff argues the ALJ failed to identify any medical evidence when he made his determination that Allen's alcoholism is a contributing factor material to his disabilities.  Plaintiff argues the ALJ cannot rely on his lay opinion.  "[A]n ALJ may not make 'speculative inferences from medical reports' and may reject 'a treating physician's opinion outright only on the basis of contradictory medical evidence' and not due to his or her own credibility judgments, speculation or lay opinion."  Morales v. Apfel, 225 F. 3d 310, 317 (3d Cir. 2000)(quoting Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999)).  Here, the ALJ, however, identifies the medical evidence of record which supports his conclusion that plaintiff is not disabled.

The first medical evidence cited by the ALJ is the discharge summary from Jameson Memorial Hospital on March 23, 2000.  (Tr. at 163).   The main diagnoses for Allen in this instance was one of major depression and alcohol dependence.  (Id.).  The hospital summary states that plaintiff has a history of alcohol abuse and that a week before his admission Allen stated "that he became suicidal when drinking."  (Id.).  The record thus supports that Allen's depression and suicide attempt in March 2000 coincided with his abuse of alcohol.

The next medical evidence reviewed by the ALJ was the report prepared by St. Francis Hospital of New Castle for services rendered on June 27, 2000.  (Tr. at 285).  The record reflects that Allen was admitted into the hospital for major depression and alcohol dependence.  (Id.).  The report stated that Allen has "become more depressed and hopeless about his inability to quit drinking."  (Id.).  The medical evidence from St. Francis Hospital supports the ALJ's decision to deny benefits to Allen as his dependence on alcohol was a "contributory factor material to the determination" of his disabling depression.

Records for the White Deer Run Alcohol Treatment Center are also discussed in the ALJ's decision.  (Tr. at 18).  After plaintiff was convicted of driving under the influence he was a patient at the center pursuant to an order of the court.  (Tr. at 308).  At the center, Allen attempted to be treated for his alcohol abuse, but left the facility against the advice of the center's employees.  (Tr. at 309).  The severity of Allen's problem with alcohol was not only recognized by himself but also the staff at White Deer Run Center.  (Tr. at 308).  Allen left without ever being fully treated or cured.  (Id.).

Plaintiff argues that the medical evidence of Dr. Martin Meyer, Ph.D. , a psychologist, was improperly analyzed.  Dr. Meyer noted that Allen has an ability to act in certain social situations (job stress, interaction with coworkers) between "fair" to "poor/none".  (Tr. at 338).  This portion of Dr. Meyer's analysis plaintiff asserts is entitled to little weight, because when making these findings Dr. Meyer merely checked a box, stating these limitations.  (Tr. at 338).  As previously stated "[f]orm reports in which a physician's obligation is to only check a box or fill in a blank are weak evidence at best."  Claussen v. Chater, 950 F. Supp. 128, 1296 n.10 (D.N.J. 1996), citing Mason, 994 F. 2d at 1065.  See also Vargas v. Sullivan, 898 F.2d 293,

295-96 (2d Cir. 1990).  The ALJ, however, specifically noted in his decision the in-depth background information reported by Dr. Meyer.  (Tr. at 19, 330-34).  This information included Allen's history of alcohol abuse since the age of twelve and his participation in various rehabilitation programs.  (Tr. at 19, 331).  The portion of Dr. Meyer's report discussed by the ALJ is the part which was written out with detailed descriptions, which would entitle that portion to more weight.

The medical records reflect a plethora of evidence supporting the ALJ's determination that plaintiff's primary disability is alcoholism.  Plaintiff argues that the ALJ erred in finding that Allen's alcoholism is not independent of his depression.  This argument is without merit because the ALJ identifies evidence reflecting that plaintiff's alcohol dependence and his depression coincide with one another.

On March 23, 2000 plaintiff was admitted to Jameson Memorial Hospital.  (Tr. at 163). Plaintiff was admitted to the hospital with suicidal ideation and a "history of heavy alcohol use over many months."  (Id.).  After being examined he was diagnosed with recurrent major depression and alcohol dependence.  (Id.).  He was discharged after successful detoxification. (Id.).  This evidence supports that plaintiff's depression is linked to heavy drinking because once detoxed his suicidal ideation subsided.

Plaintiff was admitted into St. Francis Hospital of New Castle on June 27, 2000 with complaints of depression and alcohol dependence.  (Tr. at 285).  Plaintiff after being examined was subsequently diagnosed with alcohol dependence and depression.  (Id.).  He was intoxicated and depressed when admitted.  Upon discharge the next morning plaintiff had sobered up and become severely less depressed .  (Id.).  This evidence supports the ALJ's determination that

alcohol abuse is a major contributing factor to his depression.

The next portion of the medical record which addresses the issue of plaintiff's depression and alcohol abuse coinciding is Dr. Martin Meyer's consultative psychological evaluation. (Tr. at 330-34). Dr. Meyer examined the plaintiff on January 15, 2002. (Tr. at 330). Dr. Meyer opined that plaintiff had, among other conditions, alcohol dependence and substance induced psychosis. (Tr. at 334).

The ALJ also discussed the plaintiff's August 13, 2002 stay at St. Francis Hospital of New Castle in his decision. (Tr. at 19, 448-94). Plaintiff was admitted to the hospital when he began to drink heavily and attempted to overdose on prescription pills after an altercation with his girlfriend at the time. (Tr. at 457). He was diagnosed with alcohol dependence and major recurrent depression. (Tr. at 458). Plaintiff was discharged three days later and was reported to be "doing fine and looking forward to being discharged, and continue with his life." (Tr. at 468). This evidence supports the ALJ's conclusions regarding the link between plaintiff's depression and alcohol abuse.

Finally, plaintiff argues that Dr. Schneider's psychiatric evaluation on June 29, 2001 shows plaintiff's alcohol abuse is not a contributing factor material to his disability. Plaintiff believes since he has been sober for over thirty days and was still diagnosed with depression he is entitled to benefits. (Tr. at 384). The diagnosis of major depression, however, was that it was moderate and in partial remission and the history of alcohol abuse was in early full remission. (Tr. at 384). Allen reported "depressed mood, intermittent feelings of hopelessness but states that's getting better." (Tr. at 383). Dr. Schneider's evaluation would not support a finding that the ALJ erred in determining that plaintiff's alcohol dependence was a contributing factor

material to the disability.  Plaintiff's last meeting with Dr. Schneider on September 12, 2002 revealed that "he was missing his son, depressed and intoxicated on alcohol."  (Tr. at 385).  This evidence also reflects that plaintiff's alcohol dependence is a contributing factor material to plaintiff's disability.

The ALJ's conclusion that plaintiff's alcohol abuse was a contributing factor material to his disability is supported by substantial medical evidence of record.  The evidence in the record supported the ALJ's decision that plaintiff's mental limitations were not independent from his alcohol abuse.

**c.     ALJ's consideration of Dr. Mancino's evidence**

To make the determination of whether or not a claimant is entitled to DIB or SSI an administrative law judge must analyze all of the medical evidence presented to him.  Generally, "an ALJ may accord more or less weight to a medical opinion, depending upon the extent to which supporting explanations are provided and whether the doctor providing the report is a specialist." Terwilliger v. Chater, 945 F.Supp. 836, 842 (E.D. Pa. 1997).

Plaintiff argues that the ALJ gave inappropriate weight to the opinions of non-examining state agency physicians which are entitled to little or no weight.  Plaintiff asserts this argument by asserting that "[f]orm reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best." Mason v. Shahala, 994 F. 2d 1058, 1065 (3d Cir. 1993); Claussen v. Chater, 950 F.Supp. 1287, 1296 n.10 (D. N.J. 1996).  In the instant case the state agency physician, however, did not merely check boxes on the RFC (Residual Functional Capacity) form.  The state agency physician also added an addendum in which he discussed

plaintiff's medical evidence.  (Tr. at 352-54).  In that attachment the state agency physician, among other things, described his disagreement with the findings of Dr. Mancino, the examining physician, with respect to plaintiff's physical limitations.  (Tr. at 354).

In Brewster v. Heckler, 786 F.2d. 581, 585 (3d Cir. 1986), the court stated "[w]here . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ must make clear on the record his reasons for rejecting the opinion of the treating physician."  In this case, the ALJ in rejecting the opinion of the examining physician provided specific reasons for his decision.  The ALJ stated that although there were x-rays that document plaintiff's degenerative disc disease, plaintiff has full range of motion of the back.  (Tr. at 20; 340-41).  The ALJ also noted that there was no ongoing medical treatment for the back problem.  (Tr. at 20.)  The last reason the ALJ stated for giving little weight to Dr. Mancino's opinion is because Dr. Mancino's findings were not based upon objective clinical findings.  (Tr. at 20, 339-43).  In Jones v. Sullivan, 954 F. 2d. 125 (3d Cir. 1991), the court found that the administrative law judge did not err in failing to adopt examining physicians' opinions where those opinions were conclusory and unsupported by the record and were contradicted by state agency physicians who "evaluated the medical finding of [the claimant's] treating physicians and concluded that those findings did not reveal any condition that would preclude gainful employment."  Id. at 129.  In the instant case the state agency physician's analysis may be given more weight because that analysis is consistent with the medical evidence of record while Dr. Mancino's analysis of plaintiff's back problem is inconsistent with that evidence.

The ALJ evaluated all of the evidence presented to him.  He specifically provided reasons for giving more weight to some evidence, while giving little weight to other evidence.  After his

analysis of the evidence, he found plaintiff had the ability to do medium work.  Substantial

evidence supports the ALJ's decision to afford more weight to the opinion of non-examining

physicians than to the opinion of the examining physician.

*CONCLUSION*

Plaintiff, Neil Allen, claims to be unable to work because of his severe mental limitations.

The ALJ's decision is supported by the medical evidence presented to him and he did not error in

denying benefits to plaintiff.  Therefore, defendant's motion for summary judgment (Doc. No. 8)

should be granted and plaintiff's motion for summary judgment (Doc. No. 6) should be denied.

IT IS ORDERED AND ADJUDGED that judgment is entered in favor of defendant,

Commissioner of Social Security, and against plaintiff, Neil C. Allen.

The clerk shall mark this case as closed.

By the court:


/s/_____

Dated:  August 31, 2005                                 Joy Flowers Conti
                                                        United States District Judge

cc:     Gregory G. Paul
        Peirce Law Offices
        707 Grant Street
        2500 Gulf Tower
        Pittsburgh, PA 15219

        Rebecca Haywood
        United States Attorney's Office

11